REDMANN, Chief Judge.
We granted review of the trial court’s refusal to disqualify Leon Cannizzaro as co-counsel for defendant because of his having acted in this criminal matter while employed by the state as an assistant district attorney.
Our order provided “defendant may file a brief ... and is invited to address La. DR 9-101(B).” It also ordered “defendant shall reply to the representation of the state’s application concerning Leon Canniz-zaro’s having acted in this matter as an assistant district attorney.” Defendant, served by certified mail to each of co-counsel, did not respond to our order.
We therefore accept as undisputed that “[w]hile Leon Cannizzaro was acting as Trial Chief [assistant district attorney] he reviewed [this] ease, State v. Bonnie Spark-man. His signature and notes appear inside of the case file. He authorized the reduction of the charge in this case from [La.R.S.] 14:65.1 to 14:27(65.1).”
La. DR 9-101(B) provides “A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.”
The reduction of a criminal charge from the completed crime to an attempt thereat is the exercise of substantial responsibility.
There is no evidence whatsoever that the lawyer gained knowledge in confidence while serving the public as an assistant district attorney and now uses that knowledge to serve defendant as defendant’s lawyer. Nor is there any evidence that the lawyer’s being hired as defendant’s co-counsel is a reward for his having exercised his public authority in favor of defendant. But because of the possibility of either such betrayal of professional trust, the appearance of professional impropriety is present even if none exists. See United States v. Kitchin, 592 F.2d 900 (5 Cir.1979).
The ruling complained of is reversed and Leon Cannizzaro is disqualified from acting as co-counsel for defendant in this matter.
*702 PER CURIAM.
In their application for rehearing defense counsel have explained their failure to respond to the state’s application and have now argued their position — essentially, that Cannizzaro’s approval of the reduction of the charge against the defendant was no more than the result of accepting the trial assistant’s recommendation. Counsel argue that that is not “substantial responsibility” within DR 9-101(B).
We adhere to the position expressed in our original opinion.
Rehearing is therefore refused.